**Affirmed as Reformed and Memorandum Opinion filed April 9, 2015**



In The

# 𝕱𝖔𝖚𝖗𝖙𝖊𝖊𝖓𝖙𝖍 𝕮𝖔𝖚𝖗𝖙 𝖔𝖋 𝕬𝖕𝖕𝖊𝖆𝖑𝖘

---

### NO. 14-14-00474-CR

---

**ANDRE NIGEL BENNETT, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 174th District Court
Harris County, Texas
Trial Court Cause No. 1357744**

---

## M E M O R A N D U M   O P I N I O N

A jury convicted appellant Andre Nigel Bennett of third degree felony theft in an amount greater than $1,500 but less than $20,000. On April 24, 2014, the trial court sentenced appellant to confinement for fifteen years in the Institutional Division of the Texas Department of Criminal Justice. Appellant filed a notice of appeal.

Appellant's appointed counsel filed a brief in which he concludes the appeal is wholly frivolous and without merit. The brief meets the requirement of *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396 (1967), by advancing frivolous contentions which arguably might support the appeal. *See Currie v. State*, 516 S.W.2d 684 (Tex. Crim. App. 1974); *Jackson v. State*, 485 S.W.2d 553 (Tex. Crim. App. 1972); *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969).

A copy of counsel's brief was delivered to appellant. Appellant was advised of the right to examine the appellate record and file a pro se response. *See Stafford v. State*, 813 S.W.2d 503, 510 (Tex. (Tex. Crim. App. 1991). *See also Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014). As of this date, appellant has not requested access to the appellate record.

The judgment reflects that appellant was convicted of theft in an amount greater than $20,000 but less than $100,000. However the record reflects the jury convicted appellant of the lesser-included offense of theft in an amount greater than $1,500 but less than $20,000. Accordingly, we reform the trial court's judgment to reflect appellant was convicted of theft in an amount greater than $1,500 but less than $20,000. *See French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992) (stating appellate court has authority to reform a judgment to "speak the truth"). In an appeal in which counsel has filed an *Anders* brief, we are not required to abate the appeal for appointment of new counsel if the judgment may be reformed. *See Ferguson v. State*, 435 S.W.3d 291, 295 (Tex.App.—Waco 2014, no pet.) (reforming judgment in *Anders* appeal to correct age of child victim); *Bray v. State*, 179 S.W.3d 725, 730 (Tex.App.—Fort Worth 2005, no pet.) (reforming judgment in *Anders* appeal to delete improper condition of parole); *see also Getts v. State*, 155 S.W.3d 153, 155 (Tex. Crim. App. 2005) (affirming court of appeals' judgment reforming the judgment of conviction in *Anders* appeal).

We have carefully reviewed the record and counsel's brief and agree the appeal is wholly frivolous and without merit. Further, we find no reversible error in the record. We are not to address the merits of each claim raised in an *Anders* brief or a pro se response when we have determined there are no arguable grounds for review. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005).

Accordingly, we affirm the judgment of the trial court as reformed.

PER CURIAM

Panel consists of Justices Jamison, Busby and Brown.

Do Not Publish — Tex. R. App. P. 47.2(b).